IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHERINE E. MELO, in Her Personal
Capacity and in Her Capacity as Personal
Representative to the Estate of Julian
F. Gildersleeve,

        Plaintiff,

        v.

THE STATE OF OREGON,
and STEVEN R. FLETCHER, M.D.,

        Defendants.

Case No. 6:15-cv-02177-MC

OPINION AND ORDER

MCSHANE, Judge:

        On February 13, 2014, Plaintiff Katherine Melo filed this wrongful death and negligence action based on the death of her son, Julian Gildersleeve while in the care of Gath Road, an adult foster facility operated by Defendant State of Oregon. *See generally* Pl. Compl. 2, ECF No. 1. Later, Melo amended her complaint to assert claims of negligence, negligent spoliation and negligent infliction of emotional distress against Defendant Steven Fletcher, M.D., the doctor who performed a private autopsy on Julian Gildersleeve. Fourth Am. Compl. Ex. A, 199–203, ECF No. 1.

        Defendant Dr. Fletcher now moves to dismiss Melo's claims against him. Because Melo's claims against Defendant State of Oregon have not been resolved, her negligent spoliation claim is premature. Defendant Fletcher's motion is GRANTED.

1 – OPINION AND ORDER

## BACKGROUND

Julian Gildersleeve passed away on April 2, 2013. On April 6, 2013, Plaintiff Katherine Melo, Gildersleeve's mother, hired Dr. Fletcher to perform Julian's autopsy. Melo paid Dr. Fletcher $1,200 to perform the autopsy and $2,700 for burial and cremation of Gildersleeve. The autopsy was to include a toxicology report in order to determine the precise cause of Gilersleeve's death. Dr. Fletcher failed to obtain and preserve toxicology samples of Julian's blood and urine and failed to perform toxicology testing.

Melo now brings her fourth, fifth, and sixth claims for relief against Dr. Fletcher alleging negligence, negligent spoliation,[1] and negligent infliction of emotional distress, respectively. Fourth Am. Compl. Ex. A, 187, ¶¶ 42–58, ECF No. 1.[2]

## STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the supporting factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

## DISCUSSION

Dr. Fletcher moves to dismiss Melo's claims against him on the basis that Melo has not and cannot currently allege sufficient facts to support those claims. This motion arises from the

---

[1] I do not address here whether a claim for negligent spoliation is a cognizable claim under Oregon law, as Oregon courts themselves have not done so. *See Classen v. Arete NW, LLC*, 254 Or. App. 216, 221, 294 P.3d 520, 523–24 (2012).

[2] Melo initially brought this case in the Multnomah County Circuit Court, she filed her Fourth Amended Complaint on October 23, 2015, adding a claim based on 42 U.S.C. § 1983. In response, Defendants removed to this court on November 20, 2015. ECF No. 1.

2 – OPINION AND ORDER

fact that Melo's negligence and negligent spoliation claims rest, in terms of causation and damages, upon the theoretical diminution in the value of Melo's first, second, and third claims against the other Defendants. Dr. Fletcher argues that, because those claims have not been resolved, and their value is currently undetermined, the claims themselves are premature and insufficient as alleged. Melo counters that she "should not be required to litigate the same case twice when both cases would involve the same parties and the same witnesses." Pl.'s Resp., 4, ECF No. 11. I find this argument unavailing. Melo's negligence case against Dr. Fletcher is by no measure "the same case" as her wrongful death suit against the State of Oregon.

## I.     Premature Negligent Spoliation Claims

*Classen v. Arete NW, LLC*, 254 Or. App. 216 (2012), bears directly on the sustainability of Melo's negligent spoliation claim, which ties her claims against Dr. Fletcher to the instant action. While the Oregon Court of Appeals did not establish or recognize a negligent spoliation claim under Oregon law in *Classen*, the court cited a litany of cases that uphold the legal principles supporting Dr. Fletcher's motion, and declared the following: "The jurisdictions that recognize an independent claim for spoliation of evidence require the plaintiff to have first brought the underlying claim and lost or suffered diminution in its value." *Classen*, 254 Or. App. at 222 (citing *Kent v. Costruzione Aeronautiche Giovanni Agusta, S.P.A.,* 1990 WL 139414 (E.D. Pa. 1990) ("Not until there is a disposition with respect to the underlying civil action can it be determined whether the destruction of evidence has prejudiced plaintiff."); *Fox v. Cohen,* 84 Ill. App. 3d 744, 751, 406 N.E.2d 178 (1980) (holding that cause of action for negligent spoliation of evidence is premature until plaintiff actually loses her medical malpractice action due to lost EKG because damages are otherwise "purely speculative and uncertain")).

Melo argues that this Court should ignore *Classen's* recognition that a party asserting a

3 – OPINION AND ORDER

negligent spoliation claim must have "first brought the underlying claim *and* lost or suffered diminution in its value." *Classen*, 254 Or. App. at 222 (emphasis added). Melo premises this argument on the fact that the plaintiff in *Classen* had not yet filed the claim for which she sought diminution of value damages based on spoliation. *Id.* at 223. To support this, Melo points to the *Classen* court's citation of that particular reason in its affirmation of the trial court's dismissal in the underlying case. *Id.* at 222–23. I find that Melo's position mischaracterizes the *Classen* court's legal basis for upholding the dismissal. The Oregon Court of Appeals' clear wording, provided above, requires plaintiffs to *both* bring the underlying claim *and* lose or suffer diminution in the claim's value. *Id.* at 222. Without more, Melo's attempt to distinguish *Classen* fails.

Barring the resolution of Melo's other claims in this action, her claim of spoliation against Dr. Fletcher is premature. *See generally Nat'l. Interstate Ins. V. Beall Corp.*, 2015 WL 1137440 (D. Or. Mar. 11, 2015) (finding that causation had not been established in a spoliation claim, requiring termination of that claim); *Verd v. I-Flow, LLC*, 2013 WL 2178081 at *5 (D. Or. May 14, 2013) (similarly finding spoliation claims premature and dismissing with leave to replead).

## II.     Res Judicata

I disagree with Melo's arguments that the doctrine of res judicata will potentially prejudice her claims against Dr. Fletcher following resolution of her first three claims in this case. Pl.'s Resp., 9, ECF No. 11. While a final judgment on the merits of a case will bar subsequent litigation arising out of the same transaction or occurrence giving rise to the initial litigation, I do not find that the autopsy performed by Dr. Fletcher constitutes the same transaction or occurrence as the circumstances giving rise to Mr. Gildersleeve's death.

## CONCLUSION

For the reasons above, Defendant Dr. Fletcher's Motion to Dismiss, ECF No. 3, is GRANTED. Plaintiff Melo's fourth, fifth, and sixth claims against Dr. Fletcher are dismissed without prejudice. Melo is granted leave to refile in the proper venue following the resolution of her claims against the other defendants in this case.

IT IS SO ORDERED.

Dated this 20 day of January, 2016.

                                                                           **Michael McShane**
                                                                  **United States District Judge**